Good morning, my name is Chad Wright and I'll be representing Mr. Clifford Lemire today. If I could, I'd like to reserve about six minutes for the rebuttal portion of the hearing. The issue here today is whether the Federal Magistrate committed reversible error when she expanded the scope of the facts relied on by the Montana Supreme Court in deciding this case or deciding whether sufficient evidence had been presented in the State's case-in-chief. Luckily, we have some agreement on this point with the State of Montana. We both agree that the review should have been confined, the review of the facts should have been confined to the State's case-in-chief. We also agree that the last reason... But if you both agree with that, where is the Supreme Court case law that says you have a right to sort of a Jackson determination partway through the trial? The Supreme Court case law is in Jackson itself. If you look at footnote 10 of Jackson, it says, we haven't committed sufficiency of the evidence determination solely to the province of the juror. Footnote 10 says we've got this other procedure, it's called the judgment for acquittal. And that judgment for acquittal procedure allows the defendant to come in and test the government's case at the close of the government's case. And then the Supreme Court in Jackson says, lookit, Rule 29 is the best example of that, and says, here's the judgment of acquittal procedure, here's where we allow defendants to appeal from decisions made at that point. Do you understand that to create a constitutional principle by legal estate? If a state adopts a procedure for a judgment of acquittal, then I understand it to mean that that procedure has to be fair, and that procedure has to comply with due process. And that's what Winship says, right? Because Winship wasn't a criminal trial. It was a juvenile, flexible is what they called it, informal, adjudicatory proceeding. And it was set up by a state statute. And the state statute said, well, in this informal juvenile proceeding, you can find by a preponderance of evidence guilt in the juvenile case. Not a criminal finding of guilt, but some sort of guilt in the juvenile case. And the U.S. Supreme Court said, no, that's not fair. If you're going to have this procedure and set it up, due process requires a reasonable downstate. And Winship develops into Jackson, through Patterson into Jackson, which is another state law case. All these are state law cases to say that if you're going to provide this procedure, there's got to be minimum safeguards for the procedure. We can look to the equivalent, and I know that's frustrating, but the U.S. Supreme Court has never said that you have a right to appeal your criminal conviction, right? And in this jurisdiction, you can probably see five, six, seven different methods of appeal set up by the states. They set up those methods. But you can't deny the defendant certain due process protections when you're appealing. One of those is you've got to give them counsel, right? They've got to have somebody help them with the appeal process. And then along with that, you've got to have a transcript, because you can't do the appeal if you don't have the transcript. It just isn't workable. And the U.S. Supreme Court said these are the basic protections to make the process you've created fair. I just reread that footnote in Jackson. Right. And it refers to the practice in the federal courts. And it says that it's permissible for a judge at the close of the government's evidence to enter a judgment of acquittal based on the insufficiency of the evidence. But I have trouble reading that footnote as saying that it is – that there's a constitutional due process right to have an evaluation for sufficiency at the close of the government's case, which is what you need. I mean, you need that holding as a matter of constitutional law coming out of the Supreme Court in order to get past impact. And I think it's a subtle distinction here, Your Honor. What you need is when you've set up that statutory right for that determination at the end of the case, it has to meet the Jackson-Winship-Patterson standards. It has to be, beyond a reasonable doubt, that proof offered by the State. And that proof also has to meet every essential element. I understand that argument. Right. But I'm looking for clearly stated Supreme Court case law that says that that's a constitutional right. Well, Smith in those cases will say the right to a directed verdict is not a constitutional right. But I think Jackson and Winship especially says you have to meet these standards. And I'm not answering your question. So I'm not going to say that you have to have a directed verdict process. Smith clearly says you don't have to have that process. The State of Nevada has eliminated the directed verdict process. And that would be constitutional. But your argument is once they have it, then it has to comply with Jackson. But I don't see a Supreme Court case law case that tells me that that's true either. It might be a logical inference. You might be able to persuade the Supreme Court if the case were in front of them. You might be able to persuade us if we could do that independently of AEDPA. But AEDPA says we have to have clear Supreme Court case law on the point before we can go for you on this issue. Well, then I think you look at Smith in these other cases and say the determination at the end of the State's case in chief is a substantive determination. Right? And so when the judge makes a determination to throw out the case, that's final. That's the end. If the judge makes a determination to let the case go forward, it carries the same weight as that determination to throw it out. And so for it to carry that weight, for it to be that sort of substantive determination, you've got to meet the standards that they set in Winship. Your arguments say, well, I don't see any direct case law about that. I don't see the U.S. Supreme Court saying that would mean that states could come in and do like they did in Winship and say the judge can find by a preponderance of evidence that this case is sufficient to go to the jury. And I think Winship is directly contrary to that. Well, you say you have to meet the requirements of Winship, and I agree. But still, there's no Supreme Court case that says you have to meet that at the middle of the trial. But there are Supreme Court cases that say when you make a determination, a substantial determination about the sufficiency of the evidence, it has to meet these standards. And so whether it's at the end of the trial, middle of the trial, on appeal, when you've allowed a court to make a substantive determination, it has to meet the underlying fair standards. All right, let me ask this question. Assuming, going along with you, assuming that's the law, and that wasn't followed in this case, assuming that's the law, isn't it harmless error if at the end of the case you can make that determination? Is it harmless error if the judge makes a ruling mid-trial? Yeah, and denies the directive verdict motion when he should have granted it, if at the end of the trial the evidence is sufficient to sustain the verdict. It's not harmless error because Smith says that due process requires that the defendant, that this is a building process, that the purpose, and Smith is based on small and deep Pennsylvania, and the case I cited to you, the recent Ninth Circuit case, talks about this as well, that this is a building process, that the defendant gets to test the state's case at the end of the state's case. And then he makes a decision from that point forward. And what happened in Smith is that he relied on the judge's ruling and then went forward on this, went forward on the reliance on the judge's ruling. Here, the judge denied the motion, and Lemire goes forward knowing the Montana procedure, right? I've made the motion. That motion is now preserved. It is preserved for review in the state's case. I'm going to go forward and put on my case. It's preserved under state law, but not necessarily, you know, it's a due process violation. But that's the fairness of the process. That's what I'm saying. You can't arbitrarily set up an unfair process. No, you don't say that, but I accept that there is a violation of due process. I'm accepting your proposition. But even so, isn't that violation harmless because at the end of the case the evidence is sufficient? But there's two questions. It would be harmless if that was the standard, if that's what they review. But the standard is we only review the state's case. And then practically it's not harmless because Lemire relied on that ruling and then went forward, and he could have put on any sort of evidence after limiting his case about this. What I think you're arguing is that there's a due process right to a determination based on Jackson or Winship at the end of the government's case under Montana law. And because that's been given, the defendant, if he's entitled to his directed verdict at that point, doesn't have to put on evidence in which he runs the risk of further inculpating himself. That's what you're worried about is that the evidence that he'll put on hoping to save himself turns out to be bad evidence. That's what I'm worried about. What I don't want to concede, though, is that he did put on evidence that further met the Jackson standard here. Well, if you don't want to concede that, why don't we just move to the entire evidence instead of what was on just in the government's case in chief? Well, I don't want to concede that because we didn't get a fair chance to argue that, I think, in front of the magistrate. And so that's why one more thing we agree on is we should send this case back to the magistrate. And that should be the relief is that she should limit herself to what the ADPA says, the last reasoned decision of the Montana Supreme Court. You see, the problem with this case is because of the peculiar statute in which she was convicted, is that in putting on evidence in his favor, he's really helping the state establish the element of the crime, right? Absolutely. It's a very odd situation. And that's the district court at the state level couldn't understand that at all, right? I can't understand it either. Yeah. How is the state supposed to put on evidence of the defendant's extreme emotional distress? And so that's why the district court just said, forget it. I don't understand this. I'm not going to make a ruling. I mean, he made some sort of kind of offhand ruling, but really his ruling carries no weight because he couldn't understand that underlying concept. All right. But to get back to the central proposition, your case is that the defendant's right here to, you know, a fair assessment of a directed verdict motion at the end of the state's case is clearly established by Winship and Jackson. Is that your proposition? Yes. Winship through. It's clearly established through Winship, Patterson, and Jackson. This is the underlying principles. And then incorporated with that, though, is that the Montana Supreme Court has integrated that law into their determination. So it's kind of two ways to look at it. One is that I think the U.S. Supreme Court has said, here's the procedure. Here's the baselines for it. And then the Montana Supreme Court has certainly adopted that reasoning and said that's the way we look at it, too. And we say that this is a required method for reviewing motions for a directed verdict. And so for them to change that, again, gets back to your point that defendants get prejudiced if they don't understand that now the Montana Supreme Court may vary from that standard, even though they never have in 20 or 25 years. As I understand it, the statute under which the mayor was charged has now been altered by the legislature. That's correct, Your Honor. And I wonder if the legislature wasn't trying to address what the Montana Supreme Court did in this case. I don't know. But it's interesting that in that very year, apparently what the Montana Supreme Court decided and what the Montana legislature decided is that neither party has – it's no longer an element of the reduced crime or an affirmative evidence defense that defendants are required to prove. What do you suppose would happen if this scenario were repeated, if a client were charged under the statute as passed? I think even under the statute as it now stands, the state has to assume the burden. There hasn't been any dispute, except for at the trial court level, that when a state charge is mitigated deliberate homicide, it has to prove that the defendant was acting under extreme emotional distress for which there was a reasonable excuse. It's this two-part test, and it's an extremely hard burden to meet. So you would say under the statute as revised, if the same charge were made against Mr. LeMaire and what the state had proved was – but had not gone on to develop the context of excusable stress, there would be a due process right to a directly verdict of acquittal at the end of the state's case. I believe so, Your Honor. I'm going to reserve the remaining amount of my time, unless there's more questions right now that I can answer. Let's hear from the State, and then we'll hear from you again. Good morning. May it please the Court. My name is Ilka Becker. I'm an Assistant Attorney General for the State of Montana, representing the respondents. As LeMaire's counsel has pointed out, we agree that the magistrate incorrectly expanded her review to the entire trial. But LeMaire argues that she did so in order to deny him habeas relief. Really, she didn't need to do that to deny him habeas relief. She could and should have denied his habeas petition upon concluding that he failed to present a federal issue. And if this Court agrees with the magistrate and with the Seventh Circuit Court of Appeals in Hernandez that federal due process is not implicated by the denial of a mid-trial motion for directed verdict, then the denial of LeMaire's habeas petition can be affirmed on that basis. But even if we assume that there is a federal issue here, the denial of LeMaire's habeas petition was correct because there was sufficient evidence of mitigation both during the State's case in chief and during the entire trial to satisfy the federal Jackson standard. The proof of mitigation in the State's case was the evidence relied on by the Montana Supreme Court. Yes. That would not be subject to review by the Habeas Corpus Court. Well, I — assuming that it presented — if we bought his argument that it presented a federal question, I guess it would be reviewable to the extent if he could show that it was contrary to a U.S. Supreme Court case, which he can't argue since he's now relying on the fact that — Let me put to you a different question. I don't think much of a question at this point. I hope this will be a more useful question. Let's suppose that the Montana Supreme Court had said, well, it's true that there was no evidence of mitigating circumstances in the case in chief. But after the district court denied the motion for acquittal, the defense put on its case, and the defense case produced evidence of mitigation. So the appropriate evidence was the prior fact and will sustain the guilty verdict. Would that have been unassailable on federal due process grounds? Yes. And furthermore, I mean, the Seventh Circuit Court of Appeals in Hernandez even went so far as to say that the court was clearly wrong in denying the motion for directed verdict, but that it simply wasn't a federal question and that you don't even — they didn't consider the whole evidence. But in this case, the — Lumiere did put on a case, and there was, as the magistrate found, sufficient evidence in that case. Isn't it hard lines to say, gosh, the state didn't do its job, and the district court should have granted — if it had properly assessed the case, it should have thrown the case out after the case in chief. But that pushed the defendant into the posture of having to make a case which was — it should have been unnecessary, shouldn't have been the defendant's burden at all. The defendant should have been home free. But the defendant necessarily did its best under those circumstances and managed to supply what the state hadn't produced. Doesn't the Constitution have something to say about a situation like that? Well, the Jackson Review reviews the record evidence, and in this case, Lumiere could have not presented a case or — and he still preserved his — like Lumiere's petitioner has pointed out, Montana's not a waiver state, and that motion is preserved. And even if Lumiere presented evidence during his state's case in chief supporting the state, the Montana Supreme Court could have still, at that point, found that there was insufficient evidence presented during the state's case in chief. So that argument is a state claim that is preserved for appeal, but that doesn't mean there's a federal claim that's preserved. That is to say, the Montana Supreme Court could still have done so, even after it went to the jury, could still have gone back and said, okay, but we're going to assess the state of the evidence at the close of the government's case in chief, which is what I think it did in Lumiere 2. Exactly. And where it comes up with the rule that I must say I find totally baffling, that it's the government's burden to prove the extenuating circumstance. Exactly. The problem I see with the magistrate expanding her review is not a lack of deference to the Montana Supreme Court, as Lumiere contends, it's a lack of exhaustion. It's just an issue that Lumiere never presented to the Montana Supreme Court, and the court therefore never addressed. I'm sorry, I dropped a thread here. What is it that's not been exhausted? You said it, and I just want it passed me too fast. Well, the review of the whole evidence in the case. Lumiere's contention is that— In Montana, Montana state practice, the criminal defendant can renew that motion at the end of the entire case or not? Yes. Was that done here? No, but under Montana law— And that's the reason the Montana Supreme Court never reached it. No, because under Montana law, Lumiere could have presented both issues to the Montana Supreme Court. He could have presented his issue that the trial court abused its discretion in denying his mid-trial motion for directed verdict, and he could have presented the issue that the evidence as a whole was insufficient. And even if he didn't renew his objection at the end of the state's case, Montana law clearly holds that you can raise the— You could still raise the issue of the overall insufficiency of the evidence. Yes. To challenge a conviction. Yes. Without making a motion to accrue that. Yes. All right. And did he raise that question with the Montana Supreme Court? No, he did not. No. So that's the question you're saying, getting back to what Judge Fletcher asked, that's not exhausted? Yes. Did he ever seek to raise that question? That's better to make my antecedent clear. Did he ever seek to raise the Winship or Jackson question with respect to the evidence as a whole in the Montana courts at any stage? No. No, the argument has always been the evidence presented during the state's case in chief. In the Montana Supreme Court, Lemire argues that the Montana Supreme Court can review—perform a Jackson review at three different times, but it's a different review. In the instance of a motion for directed verdict, what the court does, the review is looking at the state's case in chief's evidence to see if there's any evidence that would allow the case to go to the jury. And in contrast, the Jackson analysis looks at the record evidence to see if it's enough to support a criminal conviction, and it's not the same analysis. Why is that not the same analysis? That's to say—well, let me make sure, again, I'll make my antecedent clear or my premise clear. We're at the end of the trial. That's to say we're not talking just about the government's case in chief. No, I'm talking about the mid-trial. Oh, I see. It's a different problem. I don't disagree with that. Okay. Unless the court has any questions about the sufficiency of the evidence, I don't have anything further. Okay. Thank you. Thank you. I don't think there's a United States Supreme Court case directly on point, and I think the only case that's really remotely relevant is Smith, which the magistrate cited for the proposition that the Supreme Court does not consider itself to have established the state defendant's federal right to acquittal at the close of the state's case based on insufficiency of the evidence. And I think the issues Lemire has raised regarding Smith, I think that's really the only reason Smith is relevant, and the only other reason it would be relevant is if that mid-trial motion for directive verdict were granted, and then I would agree that that would constitute an acquittal and retrial would be barred by double jeopardy. But for purposes of federal due process, I think the magistrate correctly cited that to show that there is no federal right, and that is Lemire's burden as the petitioner to show that there was a violation of a federal constitutional right. Any further questions? I'm not entirely familiar with federal law, but I think that under federal law, if the defendant goes on and presents a case, that he waives the objection so that then the court looks to the whole record evidence. Thank you. Okay. Thank you. Mr. Wright? I want to start with the last kind of partial concession that the State made there, that if the district court had granted this motion like it should have and dismissed Lemire's conviction, the State just said that double jeopardy would bar further proceedings on that. This is outside the record because this is a new argument for me, but if you look at 46-2701 of the Montana Code annotated, it specifically allows for the State, the government, to challenge any decision by a judge that dismisses the charges. Now, the State, that's a State law setup. It's a State law provision, and the State is now saying that under Smith, that State law provision would be invalid because it doesn't meet the constitutional standards set up by Smith. So I think that's why Smith is important because Smith is reviewing a State law procedure, a Massachusetts procedure, and it's saying even though this is a State law procedure, the decision made by the trial judge was a substantive decision that took the place of the jury decision, and so it gained the weight of any sort of substantive decision, the same as a jury. But where I need to go, or at least where you need to get me to go, is to find that there is a federal due process requirement that at the stage of a mid-trial motion for a directed verdict, that there's a constitutional compulsion to apply the Lynch-Jackson standards, and I don't see Smith doing that. Well, Smith says something else. Smith says if a directed verdict is granted of acquittal, that's the end of it. That's what Smith says. Well, but if you look back at Smolin, which Smith is based on, it says, it asks this kind of easy question. What is the defendant doing at that stage? Why is he even asking for a mid-trial motion for acquittal? Because he's there to test the sufficiency of the evidence, and that's what Smolin says, is that that's his right. That's how he understands how to go forward with this case, is by giving him the opportunity to make sure that the state has proven the Winship factors, right? Proof beyond a reasonable doubt of every essential element. And I think Judge Pollack hit it that what if the judge had just made the ruling in this case that the state didn't have to prove extreme emotional distress and stopped its ruling at that point? Clearly, that would be error, and that would be reversible error, right? And I don't think the Montana Supreme Court could go beyond that. Similarly, I don't think that the district court or any state system, if they had this mid-trial ruling, could say, if you prove two out of the three elements, or if you have a preponderance of the evidence, that's okay. That meets federal constitutional standards. Thank you. I think you're right. I mean, I think Smith says that, that they could, that Congress could just eliminate a Rule 29 motion. And I think that's what makes that footnote 10 that I hang my hat on so important, is that the U.S. Supreme Court says, here's our Rule 29 motion. We know what it does. We know it has to meet these minimum standards. But certainly, the Congress could do away with the Rule 29 motion. I think, and the point I've been trying to make is they couldn't amend Rule 29 to say that sufficiency of the evidence is tested by a preponderance standard. Or they couldn't amend Rule 29 to say that sufficiency of the evidence only has to meet four out of the five elements, or a majority of the elements. They couldn't, Congress couldn't do that. That would be unconstitutional. Why not? I mean, I'm not sure I want to pursue this too far, but why couldn't, if Congress does not have to, if Congress is not constitutionally required to provide for a mid-trial motion for acquittal at all, let's just say if Congress can simply say, listen, all the evidence comes in, if the defendant wants to take his chances and have to close the evidence case just to say, I'm not presenting any evidence, of course, the defendant's free to do so, but that's going to be the defendant's risk and the only decision maker is going to be the jury. So Congress decides, you know, I want to protect the defendant against that a little bit. And so what I'm going to do is I'm going to pass a statute that says at the end of the government's case in chief, if the judge thinks that the government's case is laughable, that's the word on the statute, the judge is free to make a, is to enter a judgment of acquittal. That's unconstitutional. I mean, it's moved in the direction of protecting the defendant more than the defendant has already been protected. Would you say that's unconstitutional? Well, I think it would probably be unconstitutional because I don't know how you could measure the laughable standard. Well, it's a slang word that has, that removes the illusion of precision that we attach to the words that we ordinarily use. If it went above, if laughable is above the due process standard set in Winship, then I think that's okay, right? If laughable means more than proof beyond a reasonable doubt of every essential element. Okay. That's your position. I understand that. Right. And I think, again, we haven't cited this, but I think if you look at Griffith v. Kentucky, which is an appeal case, right, that's exactly the argument the state of Kentucky made in that case. They said, hey, we don't even have to provide the right to appeal, so we're not going to give transcripts to these guys when they do appeal. And the U.S. Supreme Court said, no, if you're going to provide the right to appeal, you've got to give them the tools. Okay. Thank you very much. A tricky case made difficult in part by the oddity of the Montana ruling that's now apparently been superseded by statute. Okay. Thank you very much for a capable argument on both sides. The case of Lemire v. Slaughter is now submitted for decision. We've got one last case on the argument calendar.
judges: Tashima, W. Fletcher, Pollak